IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PINSTRIPES HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-11677 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date**:<br>October 23, 2025 at 2:00 p.m. (ET)<br><br>**Objection Deadline**:<br>October 10, 2025 at 4:00 p.m. (ET) |

### DEBTORS' SECOND (2ND) OMNIBUS MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING REJECTION OF CERTAIN EXECUTORY CONTRACTS, INCLUDING CERTAIN UNEXPIRED EQUIPMENT LEASES, EFFECTIVE AS OF THE REJECTION DATE, AND (II) GRANTING RELATED RELIEF

> **ANY COUNTERPARTY RECEIVING THIS MOTION SHOULD LOCATE ITS RESPECTIVE NAME AND CONTRACT DESCRIPTION IN THE SCHEDULE ATTACHED TO THE PROPOSED ORDER AS EXHIBIT 1.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (this "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtors to reject certain executory contracts, including certain unexpired equipment leases for equipment that the Debtors no longer use (with any amendments or modifications thereto, the "**Rejected Contracts**," and the counterparties to such Rejected Contracts, the "**Counterparties**" and, each,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pinstripes Holdings, Inc. (6699); Pinstripes, Inc. (8608); Pinstripes Hillsdale LLC (6064); Pinstripes at Prairiefire, Inc. (7018); and Pinstripes Illinois, LLC (6432). For purposes of these chapter 11 cases, the Debtors' service address is 1150 Willow Road, Northbrook, Illinois 60062.

a "**Counterparty**"),[2] as set forth on Exhibit 1 to the Proposed Order, effective as of September 26, 2025 (the "**Rejection Date**").  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012 (the "**Amended Standing Order**").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent consent of the parties.

2. The statutory and legal predicates for the relief requested herein are sections 105(a), 365(a) and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[2]  The inclusion of any contract on Exhibit 1 to the Proposed Order is not intended as, nor shall be deemed to constitute, an admission by the Debtors or their estates that such contract is or is not an executory contract or that such contract did not expire prior to the Rejection Date (as defined below).  The Debtors and their estates reserve any and all rights, claims, and defenses with respect to the characterization of the Rejected Contracts under section 365 of the Bankruptcy Code, applicable non-bankruptcy law, or otherwise, including, without limitation, any and all rights to argue that the Rejected Contracts do not constitute executory contracts and that the Rejected Contracts expired prior to the Rejection Date.

**BACKGROUND**

**I.    GENERAL BACKGROUND**

3.     On September 8, 2025 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in these chapter 11 cases and no request has been made for the appointment of a trustee or an examiner. These chapter 11 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

4.     Additional information regarding the Debtors' businesses, their capital structure, and the circumstances leading to the filing of these chapter 11 cases is set forth in the *Declaration of James Katchadurian in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 12] (the "**First Day Declaration**").[3]

**II.    THE REJECTED CONTRACTS**

5.     As set forth in further detail in the First Day Declaration, the Debtors operate in a niche segment of the restaurant industry, pairing scratch Italian-American cuisine with bowling, bocce, and private events. The Debtors currently have eight (8) operating restaurants located in California, Illinois, Maryland, Minnesota, Ohio, and Washington, D.C.

6.     Shortly before the Petition Date, the Debtors closed their other locations and, on the Petition Date, filed the *Debtors' First (1st) Omnibus Motion for Entry of an Order Authorizing (I) Rejection of Certain Unexpired Leases of Nonresidential Real Property and an Executory Contract, Effective as of the Petition Date; (II) Abandonment of any Remaining Personal Property*

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

*Located at the Leased Premises, Effective as of the Petition Date; and (III) Granting Related Relief* [Docket No. 13], seeking to reject the real property leases for their closed locations.

7. On the Petition Date, the Debtors filed a motion [Docket No. 14] with the Court seeking entry of orders, approving, among other things (a) the sale of all or substantially all of the Debtors' assets (the "**Sale**") to Silverstrike, LLC (the "**Stalking Horse Bidder**"), subject to higher or otherwise better offers in an auction process (the "**Auction**"), and (b) procedures for the solicitation of bids in connection with the Auction (the "**Bidding Procedures**").

8. On September 19, 2025, the Court entered an order [Docket No. 84], approving, among other things, the Bidding Procedures and the designation of the Stalking Horse Bidder. The Auction, if applicable, is scheduled for October 17, 2025, and the Sale hearing is scheduled for October 23, 2025.

9. In connection with the closure of certain locations pre-petition and the Debtors' Sale process, the Debtors have identified certain executory contracts that they no longer need because such contracts are no longer necessary or economically beneficial to the Debtors' business affairs, will not be assumed and assigned as part of any Sale process, and are not otherwise advantageous to the Debtors' estates.

10. Accordingly, the Debtors have determined that rejecting such Rejected Contracts, as set forth on Exhibit 1 to the Proposed Order, effective as of the Rejection Date, is an appropriate exercise of their business judgment and in the best interest of their estates because it will avoid the potential incurrence of unnecessary costs and expenses that would only undermine the Debtors' efforts to maximize value for the benefit of all creditors.

## RELIEF REQUESTED

11. By this Motion, the Debtors seek entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to reject the Rejected Contracts,

effective as of the Rejection Date.  In light of the Debtors' efforts to preserve and maximize the value of their estates, and to avoid incurring costs and expenses associated with unnecessary contracts, the Debtors submit that this relief is necessary and appropriate.

**BASIS FOR RELIEF**

**I.    REJECTION OF THE REJECTED CONTRACTS REFLECTS THE DEBTORS' SOUND BUSINESS JUDGMENT**

12.    Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  The purpose behind section 365(a) is "to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property."  *In re Republic Airways Holdings Inc.*, 547 B.R. 578, 582 (Bankr. S.D.N.Y. 2016) (quoting *In re Orion Pictures Corp. v. Showtime Networks, Inc.* (*In re Orion Pictures Corp.*), 4 F.3d 1095, 1098 (2d Cir. 1993)); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization."); *N.L.R.B. v. Bildisco and Bildisco (In re Bildisco)*, 465 U.S. 513, 528 (1984) ("[t]he authority to reject an executory contract is vital to the basic purpose to a Chapter 11 reorganization, because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization.").  Pursuant to Bankruptcy Rule 6006(f), a trustee or debtor in possession may file a motion for the authority to reject multiple executory contracts.  Fed. R. Bankr. P. 6006(f).

13.    The standard applied to determining whether the rejection of an executory contract should be authorized is the "business judgment" standard.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Glob. Holdings, Inc.*, 290 B.R. 507, 513 (Bankr. D. Del. 2003) (stating that a debtor's decision to reject an executory contract is

governed by the business judgment standard and can only be overturned if the decision was the "product of bad faith, whim, or caprice"). Once a debtor states a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

14. In applying the business judgment standard, bankruptcy courts give deference to a debtor's decision to assume or reject executory contracts. *See, e.g., Sharon Steel*, 872 F.2d at 39-40 (affirming the rejection of a service agreement as a sound exercise of the debtor's business judgment when the bankruptcy court found that such rejection would benefit the debtors' estate); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("[A] debtor's decision to reject an executory contract must be summarily affirmed unless it is the product of bad faith, or whim, or caprice.").

15. Rejection of the Rejected Contracts is well within the Debtors' business judgment and will serve to maximize the value of their estates. The Debtors have analyzed the terms of the Rejected Contracts and determined that such contracts do not provide the Debtors' estates any material benefit and should be rejected to cut off the potential incurrence of additional administrative cost or expenses during these chapter 11 cases.

## II. THE COURT SHOULD DEEM THE REJECTED CONTRACTS REJECTED EFFECTIVE AS OF THE REJECTION DATE

16. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can

6

approve rejection"); *see also See NLRB v. Bildisco & Bildisco,* 465 U.S. at 523 (stating that rejection relates back to the petition date).

17. Courts have held that a bankruptcy court may, in its discretion, authorize rejection retroactively to a date prior to entry of an order authorizing such rejection where the balance of equities favors such relief. *See In re Thinking Machs. Corp.*, 67 F.3d 1021, 1029 (1st Cir. 1995) (stating that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (stating "the court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a)"); *In re CCI Wireless, LLC*, 297 B.R. at 140 (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

18. Here, the equities of these chapter 11 cases favor the Court's approval of the retroactive rejection of the Rejected Contracts to the Rejection Date. Without such relief, the Debtors will potentially incur unnecessary administrative expenses related to the Rejected Contracts—contracts that provide no benefit to the Debtors' estates since the Debtors no longer utilize the services or equipment contemplated by the Rejected Contracts.

19. Moreover, the Counterparties will not be unduly prejudiced if the Rejected Contracts are rejected effective as of the Rejection Date because the Debtors have served this Motion on the Counterparties and/or their agents or representatives by electronic mail, first class mail, and/or facsimile (if known), on the date hereof, stating that the Debtors intend to reject the Rejected Contracts effective as of the Rejection Date.

20. Accordingly, based on the Debtors' desire to eliminate the potential for administrative claims against their estates, and to avoid the potential alleged accrual of any further obligations under the Rejected Contracts, the Debtors respectfully submit that the retroactive rejection of the Rejected Contracts as of the Rejection Date is appropriate.

### COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

21. Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts that are not between the same parties. Rule 6006(f) states, in part, that such motion shall:

   a. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

   b. list parties alphabetically and identify the corresponding contract or lease;

   c. specify the terms, including the curing of defaults, for each requested assumption or assignment;

   d. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

   e. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

   f. be limited to no more than 100 executory contracts or unexpired leases.

The Debtors respectfully submit that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f).

### RESERVATION OF RIGHTS

22. Nothing in the Proposed Order or this Motion: (a) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Debtors and their estates with respect to the

validity, priority, or amount of any claim against the Debtors and their estates; or (c) shall be construed as a promise to pay a claim.

## **NOTICE**

23. Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the DIP Agent and Existing Silverview Agent; (c) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims against the Debtors; (d) the United States Attorney for the District of Delaware; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; (g) the United States Securities and Exchange Commission; (h) the Counterparties or their counsel, if known, via overnight mail; and (i) all parties entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated: September 26, 2025
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Mariam Khoudari*
Michael R. Nestor (No. 3526)
Sean M. Beach (No. 4070)
Elizabeth S. Justison (No. 5911)
Shella Borovinskaya (No. 6758)
Mariam Khoudari (No. 7516)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Emails: mnestor@ycst.com
         sbeach@ycst.com
         ejustison@ycst.com
         sborovinskaya@ycst.com
         mkhoudari@ycst.com

*Proposed Counsel for the Debtors and Debtors in Possession*