IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 11 |
| ) | |
| PINSTRIPES HOLDINGS, INC., *et al.*,[1] ) | Case No 25-11677 (KBO) |
| ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | Objection Date: October 9, 2025 at 4:00 p.m. |
| ) | |
| ) | Re: Docket Nos. 14 & 99 |

**OBJECTION AND RESERVATION OF RIGHTS OF RPT REALTY LP TO THE NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT AND UNEXPIRED LEASES**

RPT Realty LP ("*Landlord*"), by its undersigned attorneys, hereby submits this Objection and Reservation of Rights to the Debtors' Notice of Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases (the "*Objection*"):

## BACKGROUND

1. On September 8, 2025 (the "*Petition Date*"), each of the above-captioned debtors (the "*Debtors*") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (this "*Court*").

2. Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Pinstripes Holdings, Inc. (6699); Pinstripes, Inc. (8608); Pinstripes Hillsdale LLC (6064); Pinstripes at Prairiefire, Inc. (7018); and Pinstripes Illinois, LLC (6432). For purposes of these chapter 11 cases, the Debtors' service address is 1150 Willow Road, Northbrook, Illinois 60062.

3. On September 8, 2025, the Debtors filed a Motion for the Entry of an Order approving and authorizing, *inter alia*, procedures governing the assumption and assignment of certain executory contracts and unexpired leases to the prevailing bidder(s) acquiring the Debtors' assets (the "*Bid Procedures Motion*"). [Docket No. 14.]

4. On September 19, 2025, the Court entered an order authorizing and approving, *inter alia*, procedures governing the assumption and assignment of executory contracts and unexpired leases (the "*Bidding Procedures Order*"). [Docket No. 84.]

5. On September 24, 2025, Debtors filed their Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with Sale (the "*Notice of Potential Assumption*") [Docket No. 99] which sets forth the proposed cure amount for assumption of the lease (the "*Cure Amount*").

6. Landlord leases nonresidential real property to Debtors identified on Exhibit 1 of the Debtors' Notice of Potential Assumption (the "*Lease*") located in Edina, Minnesota (the "*Leased Property*"). The Leased Property is located within a shopping center as that term is defined by 11 U.S.C. § 365(b)(3). *In re Joshua Slocum, Ltd.*, 922 F.2d 1086 (3rd Cir. 1990).

7. The proposed Cure Amount listed by the Debtors is not an accurate reflection of the existing cure for the Lease.

8. In addition, the Notice of Potential Assumption and the proposed Cure Amount does not address or properly take into consideration the obligation to pay accrued but unbilled sums including, but not limited to, CAM reconciliations, tax reconciliations and similar sums bill annually or less frequently than monthly.

9. Landlord identifies the cure amount as follows:

| Location | Debtor's Cure Amount | Landlord's Cure Amount |
|---|---|---|
| 3849 Gallagher Drive, Edina, Minnesota | $785,112.00 | $936,038.79 |

A copy of the summary for the cure amount listed by Landlord is attached hereto as Exhibit "A".

10. The Lease may not be assumed unless all monetary defaults are cured. 11 *U.S.C.* §365.

11. In addition, 11 U.S.C § 365(b)(1)(B) requires compensation to Landlord for sums incurred for attorneys' fees in connection with the Bankruptcy Case. Landlord requests the sum of $2,500.00 as reasonable attorneys' fees associated with the possible assumptions and assignment of the Lease.

## RESERVATION OF RIGHTS

12. Landlord expressly reserves its right to assert any additional objections with respect to any proposed assumption and assignment of the Lease, on any and all grounds. Further, the Landlord reserves any and all rights to supplement and/or amend this Objection and expressly reserve their rights to object to any additional relief sought by the Debtors in the Notice of Assumption or at any hearing in connection therewith or related thereto.

**WHEREFORE**, Landlord respectfully request that this Court (a) sustain this Objection; (b) require the Debtors to pay all amounts owing to Landlord through the effective date of any assumption and assignment of the Leases including Landlords' attorney's fees; (c) condition any assumption and assignment upon Assignees remaining liable for yet unbilled obligations that come due post-assignment, including those portions of the unbilled obligations that include the

pre-assignment period; (d) require the Debtors to provide sufficient adequate assurance of future performance; and (e) grant Landlords such other and further relief as this Court deems just and equitable.

Dated: October 9, 2025

OFFIT KURMAN, P.A.

/s/ Brian J. McLaughlin
Brian J. McLaughlin (DE#2462)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801
(302) 351.0916
brian.mclaughlin@offitkurman.com
*Attorney for RPT Realty LP*

4897-8775-9729, v. 1